**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Aug 14 2012, 8:56 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MARCE GONZALEZ, JR.**
Dyer, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RYAN D. JOHANNINGSMEIER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BRANDON RHONTE MCDONALD, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 45A05-1112-CR-687 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAKE COUNTY SUPERIOR COURT
The Honorable Clarence D. Murray, Judge
Cause No. 45G02-1006-MR-10

**August 14, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**VAIDIK, Judge**

## Case Summary

Brandan Rhonte McDonald appeals his thirty-five-year sentence for Class A felony voluntary manslaughter. He contends that his sentence is inappropriate in light of the nature of the offense and his character. Because McDonald has failed to persuade us that his sentence is inappropriate in light of the nature of the offense and his character, we affirm.

## Facts and Procedural History

On December 4, 2009, eighteen-year-old McDonald went to Body Heat Gentlemen's Club in Gary, Indiana. Terrence Crossley, who was almost blind, was the owner of the business and employed McDonald's seventeen-year-old girlfriend, S.P. McDonald was under the impression that Crossley was allowing illegal activities take place in the back of the business, including S.P. engaging in prostitution. McDonald went to Body Heat to confront Crossley that night, armed with a handgun. The two argued, and McDonald shot Crossley twice, killing him.

The State charged McDonald with felony murder, but McDonald later signed a plea agreement in which he pled guilty to Class A felony voluntary manslaughter and the State dismissed felony murder; sentencing was left to the trial court's discretion.

At sentencing, the trial court found as aggravating factors McDonald's juvenile adjudications that included two misdemeanors and one felony if committed by an adult, his failure to conform his behavior, as indicated by his juvenile record and his six suspensions from school for fighting and insubordination, and the nature and circumstances of the crime – there was no provocation by the victim and McDonald shot the victim twice. Tr. p. 57-62. As mitigating factors, the trial court found that the

2

offense was unlikely to recur and that McDonald expressed remorse. *Id.* at 64. The trial court sentenced McDonald to thirty-five years, with three years suspended.

McDonald now appeals.

## Discussion and Decision

McDonald contends that his sentence of thirty-five years is inappropriate in light of the nature of the offense and his character and asks us to revise it to twenty-five years. We disagree.

Article 7, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of sentences through Indiana Appellate Rule 7(B), which provides that a court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." *Reid v. State*, 876 N.E.2d 1114, 1116 (Ind. 2007) (citing *Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007)). The defendant has the burden of persuading us that his sentence is inappropriate. *Id.* (citing *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006)).

The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). We "should focus on the forest— the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." *Id.* Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the

3

crime, the damage done to others, and a myriad of other factors that come to light in a given case. *Id.* at 1224.

The sentencing range for a Class A felony is twenty to fifty years, with thirty years being the advisory term. Ind. Code § 35-50-2-4. Here, the trial court sentenced McDonald to thirty-five years with three years suspended to probation for Class A felony voluntary manslaughter. This sentence is within the statutory range.

Regarding the nature of the offense, there is nothing in the record that indicates that this sentence is inappropriate. McDonald, armed with a handgun, sought a confrontation with an unarmed, almost blind man based on information that he did not know to be true and that contains no support in the record. Instead of letting the authorities deal with what he believed to be illegal activities taking place at Crossley's business, McDonald took matters into his own hands and confronted and shot Crossley twice, killing him. The nature of this offense is serious.

Regarding his character, McDonald has a long history of illegal and violent behavior. He has juvenile adjudications, six suspensions from school for fighting and insubordination, and has failed in-home detention, electronic monitoring, and a substance-abuse program. He also abused several illicit drugs on an almost-daily basis, beginning at age fourteen. Appellant's App. p. 87. McDonald argues that his plans of joining the Navy are indicative of his good character; however, we find no evidence that he had taken any steps to achieve such a goal. He had no high-school diploma and consumed illegal drugs on an almost-daily basis, both of which would prohibit military service. We therefore decline to consider McDonald's assertion that he was planning on joining the Navy as a reflection of his good character.

After due consideration of the trial court's decision, we cannot say that McDonald's thirty-five-year sentence is inappropriate in light of the nature of the offense and his character.

Affirmed.

MATHIAS, J., and BARNES, J., concur.